IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CATHIE RAAF, | Civ. No. 6:18-cv-00976-MC |
| Plaintiff, | ORDER |
| v. | |
| UPS GROUND FREIGHT, INC., | |
| Defendant. | |

MCSHANE, Judge:

Plaintiff brings this negligence action alleging that Defendant's employee damaged an antique sleigh during transport. Defendant removed this action, alleging that Plaintiff's claims are preempted by federal law. Plaintiff moves to remand, arguing this Court lacks subject matter jurisdiction over this action because her claim does not meet the jurisdictional minimum required for removal under the Carmack Amendment. For the reasons discussed below, Plaintiff's motion to remand, ECF No. 6, is GRANTED.

## BACKGROUND

In 2017, Plaintiff contracted with Defendant to ship a newly purchased antique Studebaker horse drawn sleigh to Redmond, Oregon. After the sleigh's arrival in Redmond, the sleigh was significantly damaged when it fell off a loading dock due to the alleged negligence of Defendant's employee. Compl. ¶ 5.

1 –ORDER

On May 2, 2018, Plaintiff filed her complaint in the Circuit Court of the State of Oregon for Deschutes County. Defendant was served on May 4, 2018 and filed a timely Notice of Removal on June 4, 2018.

**STANDARD OF REVIEW**

A defendant may remove a civil action from state court to federal district court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions arising under the Constitution and laws of the United States. 28 U.S.C. § 1331. When, as here, the court lacks diversity jurisdiction, removal is proper only when the court has federal-question jurisdiction over the subject matter of the complaint. *Caterpillar Inc. v. Willaims*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (internal quotations and citation omitted).

One exception to the well-pleaded complaint rule is the "artful pleading" doctrine. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). When a federal statute completely preempts a particular area of law, the artful pleading doctrine provides that even a well-pleaded state law claim may be brought in federal court. *Id*. "When the federal statute completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

If, following removal, the court determines it lacks original jurisdiction, and that the case was therefore improperly removed, it must remand the matter to state court. 28 U.S.C. § 1447(c); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). While a defendant's standard of proof is unclear when, as here, the plaintiff has claimed less than the required amount in controversy some district courts have held that the defendant must prove the amount in controversy by a preponderance of the evidence. *Graybill v. Khudaverdian*, No. SACV 15-01627-CJC(JCGx), 2015 WL 7295378, at *2–3 (C.D. Cal. Nov. 17, 2015) ("[T]he preponderance of the evidence should apply . . . when a defendant attempts to remove a case where a single plaintiff has affirmatively pled an amount below the jurisdictional minimum.").

## DISCUSSION

### I. Carmack Amendment

The Carmack Amendment, 49 U.S.C. § 14706, "is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall*, 476 F.3d at 688. As such, the Carmack Amendment completely preempts a contract claim alleging loss or damage to property.[1] *Id.* However, a defendant may not remove an action against a carrier for damage to shipments unless the matter in controversy exceeds $10,000. 28 U.S.C. § 1445(b). Removal under § 1445(b) is only proper if the matter in controversy for each bill of lading exceeds

---

[1] This Court assumes without deciding that Plaintiff's negligence action falls under the Carmack Amendment for purposes of federal-question jurisdiction.

3 –ORDER

$10,000. *See Hunter v. United Van Lines*, 746 F.2d 635, 652 (9th Cir. 1985); 28 U.S.C. § 1337(a).

Defendant contends that removal is proper in this case because Plaintiff's negligence claims are completely preempted by the Carmack Amendment and the matter in controversy exceeds $10,000. As proof of the actual amount in controversy, Defendant points to Plaintiff's demand letter,[2] in which Plaintiff wrote that the "total cost of remediation and repair in this matter could well exceed $10,000." ECF No. 1-3. Defendant also claims that Plaintiff's settlement demand for $10,000 in the same letter demonstrates that Plaintiff is seeking more than $10,000 in this action. Defendant argues that Plaintiff's statements are sufficient evidence that the amount in controversy "exceeds" $10,000.

In response, Plaintiff argues that her demand letter and complaint capped the damages at $10,000. Plaintiff notes that her demand letter and complaint clarifies her intent to bring her claim under ORS 20.080. ORS 20.080 is titled "Attorney fees for certain small tort claims," and provides for fees "where the amount pleaded is $10,000 or less[.]" Plaintiff also notes her complaint expressly limits the damages to $10,000. *See* Compl. ¶ 10 ("As a result of the negligence of defendant, Plaintiff suffered economic loss in the amount of $10,000.").

Defendant is correct that Plaintiff, by writing that damages "could well exceed $10,000" implied that she considered her claim greater than $10,000. This implication is not enough to

---

[2] Defendant argues that Plaintiff's demand letter is an "other paper" supporting removal under 28 U.S.C. § 1446(b). In deciding a removal action, district courts may consider facts in the removal petition and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014) (allowing defendant's evidence regarding amount in controversy without discussing § 1446(b)). 28 U.S.C. § 1446(b) gives the defendant a 30-day window to file for removal after receipt of certain documents that reasonably put defendant on notice that the amount in controversy is sufficient for removal jurisdiction. It does not speak to what documents are allowed as evidence to support a finding regarding the amount in controversy. I note, however, that Plaintiff's demand letter is not an "other paper" because Defendant received it before Plaintiff filed the complaint. *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 886 (9th Cir. 2010) ("'other paper' does not include any document received prior to receipt of the initial pleading").

overcome the fact that Plaintiff ultimately pled damages of $10,000 in her complaint under a statute that expressly limits her recovery to $10,000. In light of all the evidence, Plaintiff's assertion that damages "could well exceed $10,000" does not overcome the fact that she deliberately chose to limit her recovery to $10,000 in her prayer for relief. Considering "[t]he 'strong presumption' against removal jurisdiction," *Gaus*, 980 F.2d at 566 (quoting *Nishimoto*, 903 F.2d at 712 n.3), Defendant fails to establish by a preponderance of the evidence that the amount in controversy "exceeds" $10,000.

Because the matter in controversy does not exceed $10,000, Defendant may not remove this action under the Carmack Amendment. 28 U.S.C. § 1445(b).

## II. Federal Aviation Administration Authorization Act

Defendant raises an alternative argument that the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c) ("FAAAA") serves as an independent basis for federal-question jurisdiction.[3] The FAAAA prevents states from enacting or enforcing laws "related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." § 14501(c). District courts have widely held that negligence claims are preempted by the FAAAA. *Luccio v. UPS*, No. 9:16-CV-81703-RLR, 2017 WL 412126, at *1 (S.D. Fla. Jan. 31, 2017); *ASARCO v. England Logistics Inc.*, 71 F. Supp. 3d 990, 1007 (D. Ariz. 2014); *Ameriswiss Tech., v. Midway Line of Illinois, Inc.*, 888 F. Supp. 2d 197, 208 (D.N.H. 2012).

While federal preemption serves as a defense to an action, it typically does not confer federal-question jurisdiction on the Plaintiff's claims for purposes of removal. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). One exception occurs when Congress "so completely pre-

---

[3] Defendant argues Plaintiff waived any challenge to subject-matter jurisdiction under the FAAA. Def.'s Resp. 5-6. However, a party cannot waive a challenge to subject-matter jurisdiction as federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 US. 500, 514 (2006).

5 –ORDER

empt[s] a particular area" that any state claim involving that area is "recharacterize[d] . . . into an action arising under federal law." *Id.* at 63-64. This narrow exception to the well-pleaded complaint rule requires a "clearly manifested intent of Congress" to completely preempt an area of law and ensure that entire area "is necessarily federal in character[.]" *Id.* at 67.

Neither party provided any discussion, or pointed to any cases discussing whether the FAAAA involves ordinary or complete preemption. In conducting my own research on the matter, I found four cases discussing the issue, and each opinion held that the FAAAA contains "no detailed, comprehensive civil enforcement scheme providing exclusive federal remedies" and, therefore, that Congress did not manifest an intent to make state law claims preempted by the FAAAA removable to federal court. *City of Rockford v. Raymond*, No. 98 C 50353, 1999 WL 218549, at *2 (N.D. Ill. Apr. 14, 1999); *see also Gororm v. Old Dominion Freight Line Inc.* 2012 WL 12887687, at *2 (C.D. Ca. March 12, 2012); *Espinosa v. Continental Airlines*, 80 F.Supp.2d 297, 300-302 (D. N.J. 2000); *Ready Transp. Inc. v. Best Foam Fabricators, Inc.*, 919 F.Supp 310, 314-15 (N.D. Ill. 1996)). Those cases are persuasive.

Further support for the conclusion that the FAAAA does not completely preempt state law claims can be found in the case law of the Airline Deregulation Act ("ADA"), § 41713(b)(1). The FAAAA's preemption clause borrows its language directly from the ADA, and courts analyze the two acts similarly. *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008); *see also California Trucking Ass'n v. Su*, No. 17-55133, 2018 WL 4288953, at *3 (9th Cir. Sept. 10, 2018). The Ninth Circuit has held that the ADA's preemption clause does not provide federal-question jurisdiction under the complete preemption doctrine. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002); *see also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995) (ADA, unlike ERISA, does not channel civil actions into federal

courts). Therefore, the FAAAA, which uses the same language as the ADA, does not completely preempt state law claims. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006) ("[W]hen judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well.") (internal quotation marks and alteration omitted)). As a result, Plaintiff's state law negligence claim does not "arise under the . . . laws . . . of the United States, 28 U.S. C. § 1331, and is not "removable to federal court by the defendant[]," *Taylor*, 481 U.S. at 67 (citing 28 U.S.C. § 1441(b)).

## CONCLUSION

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. As the amount in controversy does not exceed $10,000, and as the FAAAA does not completely preempt Plaintiff's negligence claim, Defendant has not met its burden of establishing that removal was proper. Therefore, I must remand this matter to state court. 28 U.S.C. § 1447(c); *Franchise Tax Bd.*, 463 U.S. at 8. Plaintiff's motion to remand, ECF No. 6, is GRANTED. As I lack jurisdiction over this action, Defendant's motion to dismiss, ECF No. 7, is DENIED. Plaintiff is granted 14 days to move for costs and any actual expenses incurred as a result of the improper removal. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

DATED this 25th day of September, 2018.

                                                                     /s/ Michael McShane
                                                                       Michael J. McShane
                                                                United States District Judge